Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

9th District of Oregon

Portland Division

FILED 07 FEB '24 10:24USDC-ORP

Menphrey Douglas McGee
Plaintiff(s)

(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

David Pedro, Liza Emory, B. Kubesh
&
Tammi Clark
Defendant(s)

(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case No. 2:24-CV-254-AN
(to be filled in by the Clerk's Office)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Page 1 of 11

Form 39.010

# 105798

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Menphrey Douglas McGee
All other names by which you have been known: Doug McGee
ID Number: 18089266
Current Institution: Eastern Oregon Correctional Institution
Address: 2500 Westgate
Pendleton, OR 97801
City / State / Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: David Pedro
Job or Title (if known): Superintendant
Shield Number:
Employer: Dept. of Corrections - State of Oregon
Address: 2500 Westgate
Pendleton, OR 97801
City / State / Zip Code

[X] Individual capacity  [X] Official capacity

Defendant No. 2
Name: Liza Emory
Job or Title (if known): Food Service Manager
Shield Number:
Employer: Eastern Oregon Correctional Facility, D.O.C.
Address: 2500 Westgate
Pendleton, OR 97801
City / State / Zip Code

[X] Individual capacity  [X] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
Name: B. Kubesh
Job or Title (if known): Mental Health Services Manager
Shield Number:
Employer: State of Oregon, D.O.C., EOCI
Address: 2500 Westgate
Pendleton, OR 97801
City / State / Zip Code

[X] Individual capacity    [X] Official capacity

Defendant No. 4
Name: Tammi Clark
Job or Title (if known): OS2 of Food Services
Shield Number:
Employer: State of Oregon, D.O.C., EOCI
Address: 2500 Westgate
Pendleton, OR 97801
City / State / Zip Code

[X] Individual capacity    [X] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[X] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

PAMII, HIPAA

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Please see attached complaint

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)*

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

1-3-24 in Food Services Office

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C. What date and approximate time did the events giving rise to your claim(s) occur?

1-3-24 at 2:45 P.M.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Please see attached Complaint

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. I have been unable to effectively receive Mental health treatment and when I did, I was retaliated against and shamed publically. I have had to listen to degratory statements about how my trauma, along with other AIC's, was not meaningful or was imagined. I had to hear how I was a "pussy" due to having PTSD when I was not a Service member.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. I want to request of this court meaningful steps to prevent this treatment of Mentally ill Prisoners in the Future. I respectfully Submit to the authority of this court to impose whatever sanctions you deem Fair and appropriate for this violation.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

### VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Eastern Oregon Correctional Facility_

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

_Discrimination and retaliation, and privacy violations of medical_

Form 39.010

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

   EOCI

2. What did you claim in your grievance?

   Discrimination, PAMII, HIPAA, PrA Violation of Mentally Ill prisoners.

3. What was the result, if any?

   Still in progress

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)

   This injury is actionable by 42 U.S.C. § 1983. The seeking of Federal oversight for this injury seemed the most appropriate, however, I am grieving this issue in hopes of the administration actually taking accountability.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Form 39.010

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

 1. Parties to the previous lawsuit
    Plaintiff(s) _____
    Defendant(s) _____

 2. Court *(if federal court, name the district; if state court, name the county and State)*

    _____

 3. Docket or index number

    _____

 4. Name of Judge assigned to your case

    _____

 5. Approximate date of filing lawsuit

    _____

 6. Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition _____

 7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1-11-24

Signature of Plaintiff: [signed]
Printed Name of Plaintiff: MenPhrey McGee
Prison Identification #: 18089266
Prison Address: 2500 Westgate
Pendleton, OR 97801

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address
Telephone Number
E-mail Address

Form 39.010

The plaintiff, Menphrey McGee, states the facts as follows:

I was hired by Mrs. Tammi Clark December 2022 as a clerk in the FOCI Kitchen or Food Service Office. Upon being hired I was assured that the office would work around any programs or education needs to help establish a healthy environment for rehabilitation. During my time in that position however, I witnessed the harsh treatment of individuals suffering from mental, emotional or behavioral illness. Any person involved with active treatment from Behavioral Health Services, (hereinafter referred to as, BHS) were called by Mrs. Clark, "Pussies who just want to get out of work." Her subjective opinion of people with PTSD was that they were faking. Only people whom have served in active military deserved that title of diagnosis in her opinion. On multiple instances, I heard homophobic, transphobic and hostile bias towards AIC's whom seek to improve themselves outside of work in the kitchen, if that step towards seeking, as John Bowlby titled it, a "Secure base" meant leaving work. I would watch both Liza Emory and Tammi Clark scheme and devise ways to punish those individuals whom sought help from BHS to receive treatment and medication that interfered with working under their authority and sought to undermine that control. Liza Emory contacted the FOCI Superintendant, David Pedro, seeking to establish ultimate authority on disrupting treatment by licensed clinical therapist's and both Mr. Pedro and Mrs. Emory compelled Mr. B. Kubesh to forbid any treatment which would interfere with compelled employment by Food Services. BHS Counselor and licensed clinical therapist, Mrs. Seavert was the primary target of numerous epiphets and derogatory statement about both Mrs. Seavert and those whom she treated, and were targeted by multiple retaliatory actions by Mrs. Emory and Mrs. Clark. Now under the newly established rule of preventing treatment to mentally ill individuals, people have

Page - 1

been recruited involuntarily by Food Services, many of which still suffered with mental health issues. When they were unable to satisfactorily able to perform their duties, they were punished, ridiculed and disparaged as a form of amusement by the office staff. On 1-3-24, I had a Medical Services callout to see my counselor Mrs. Seavert and when I informed Mrs. Clark of my callout to health services, she inquired as to what it was for. As a college graduate and student of Psychology, I knew my rights under both HIPAA and PAMII should be recognized by an allegedly trained state employee, yet I am compelled as a state prisoner to answer her question. However, I have also witnessed directly the vindictive attitudes towards both mentally ill people and Mrs. Seavert, (whom happened to be my BHS counselor) so I only said I was being seen by Health Services for my wrists and suspected carpel tunnel. I left at 9:45 A.M. for a 10:00 A.M. callout and went to eastgate to scan my I.d. out of work, and went to my appointment. Mrs. Seavert was concerned about my history of PTSD being aggrevated by lack of sleep due to pain and sleep disruption caused by my carpel tunnel. To ensure absence of malingering by myself to this court, I willingly and voluntarily disclose publicly my trauma to hopefully protect treatment to others like myself whom have suffered at the whims of malicious practices by people of authority, and whom abuse that authority. From 1995-1999, I served prison time in Oklahoma. Gangs were allowed to run freely and control population so staff could do less work. The population at Jess Dunn Correctional Center was primarily African-American so Caucasion American's were the minority. I witnessed brutal assaults, rape and murders. Violent murders. Violent rapes. I refused to be a victim so I had to become something sub-human to survive. I was myself

Page-2

assaulted on more occasions than I can recount and assaulted more people as a result. I was not physically capable of preventing the acts of rape and murders which happened in front of me, believe me when I say, I wish every night that I could have. I see those images every night when my eyes close. If I could describe these images to this Court, I would not, because nobody deserves to visualize what I have seen and lived through. The people whom would perpetuate that kind of system or justify its existence, are themselves sub-human. Even more so, the idea of degrading or minimizing my experiences by claiming or hinting that these events would not cause trauma, is infuriating and disrespectful to a level unimaginable.

To the issue at hand, Mrs. Seavert recommended giving me a few weeks off to try and rest and she sent an e-mail to Medical seeking treatment for my wrists by establishing a paper trail of my ongoing symptoms since my months of attempts to seek treatment have not resulted in any success. I followed the direction of my mental health professional and on the following day, Food services retaliated against me in an obvious attempt to punish me for having mental health issues. I am not the first to be a victim of targeted retaliation and without intervention, I will unfortunately not be the last. A misconduct report was filed by Mrs. Clark, which was subject to approval by Mrs. Emory, the Food Service Manager, and Lt. Miller of Security operations. The misconduct is circulated through the Facility, describing my treatment by medical and my mental health issues for the entire facility staff to see and ridicule. Mental health care is subject to the same constitutional standard as other forms of prison medical care. Deliberate indifference to serious mental health needs violates the Eigth Amendment. Gates v. Cook, 376 F.3d 323 (5th Cir. 2004); Dolihite v. Maughon by and through Videon, 74 F.3d 1027 (11th Cir. 1996)

Page-3

Prisoners with mental illness may bring suit concerning their treatment, or lack of it, like other prisoners, under 42 U.S.C. § 1983; in some cases, the Federal disability statutes may also be relevant as I was disabled upon incarceration. In addition, the Protection and Advocacy For Individuals with Mental Illness Act (PAMII) provides for the creation of "Protection and advocacy" (P&A) systems designed to "[A] protect and advocate the rights of individuals with mental illness; and [B] investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred." 42 U.S.C. §§ 10801-10851 and 42 U.S.C. § 10803. Under the Statute, "individual with a mental illness" is defined to include a person: (A) who has a significant mental illness or emotional impairment, as determined by a mental health professional qualified under the laws and regulations of the state; and (B)(i)(I) who is an inpatient or resident in a facility rendering care or treatment, even if the whereabouts of such inpatient or resident are unknown. 42 U.S.C. § 10802(4).

For this group of defendants to allow the adverse treatment of me by weaponizing my right to dignity and privacy in the form of a misconduct report violates Demarco v. Ginn, 137 F.R.D. 214 (D.N.J. 1990) and the failure to train correctional staff to properly deal with mentally ill prisoners constitutes deliberate indifference. Thomas v. McNeil, 2009 WL 64616, *25-27 (M.D. Fla., Jan. 9th, 2009), judgment entered, 2009 WL 605306 (M.D. Fla., Mar. 9th, 2009). Correctional personell are at fault of diliberate indifference who keep you from getting to see medical staff or interfere with treatment that has been, or otherwise would be prescribed. Superintendant David Pedro exhibited deliberate indifference by assisting Liza Emory in seeking restrictions through Mr. B. Kubesh, BHS manager, to restrict treatment by licensed mental health professionals. My misconduct for being treated by Mrs. Seavert is prima facie retaliation for receiving mental health treatment as numerous claims supporting that

Page-4

report are obviously and provably False. Lt. Miller approving and signing his support in issuing that misconduct proves Facility staff are not properly trained as advocating for treatment of the mentally ill. Mrs. Clark falsely claimed I left the Food Service office at 9:30 A.M., I left at 9:42. Mrs. Clark claimed I told her I was going upstairs to get medical treatment for my wrists, I went to F2, upstairs, to seek treatment for my wrists. She claimed I lied to her by doing what I said. Even though I have a reasonable expectation of privacy in treatment, Mrs. Clark compelled me to disclose personal information to then later attempt to punish me by making public my personal medical information in that report. Mrs. Clark claimed I was in an unauthorized area when I was in the location I was called out by the Facility to be at and at the acceptable time I was scheduled to be there. This list of violations and false claims supports my claim of vindictiveness by Food Services by desperately searching for any way to retaliate against me, even if by false pretense to ensure punishment

All above claims are true and if this court would permit me, I have witnesses and documentation in support of my claims, to include: Papers, video, and electronic records, along with several individuals willing to testify under oath and affirmation.

Respectfully Submitted: